IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JEFFREY FIESELER,<br><br>    Defendant. | No. CR07-3018-MWB<br><br>**DETENTION ORDER** |

    This matter came on for detention hearing on April 17, 2007. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Jeffrey Fieseler appeared in person with his attorney, Assistant Federal Defender Priscilla Forsyth. The Government offered the testimony of Iowa DCI Special Agent Robert Larsen, of the Internet Crimes Against Children Task Force. One exhibit was admitted into evidence, to-wit: **Gov't Ex. 1**, three pages containing photocopies of three CD-R discs and a handwritten list of file names.

    Fieseler is charged with knowingly possessing and attempting to possess visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (*See* Doc. No. 2) A search of Fieseler's home and computer yielded over 4,000 images and 30 videos believed to contain child pornography. Fieseler has three prior convictions for indecent exposure.

    Title 18 U.S.C.A. § 3142 provides that a person charged with an offense should be released pretrial unless the judge determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. If the judge determines the release of the person will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the judge nevertheless should order the person's pretrial release

subject to the least restrictive condition, or combination of conditions, that the judge determines will reasonably assure the appearance of the person as required and the safety of any other person and the community.

The court must determine whether conditions of release can be imposed that will reasonably assure Fieseler's appearance as required, and the safety of any other person and the community. In considering whether conditions of release exist that will reasonably assure Fieseler's appearance and the safety of other persons and the community, the court must take into account "the available information" concerning several factors, including the nature of the offense, the circumstances surrounding the offense, the weight of evidence against the defendant, the defendant's history and personal characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

In the present case, the court has considered these factors and finds, first, that Fieseler is not a flight risk. However, the court further finds that no conditions or combination of conditions exist that will reasonably ensure the safety of other persons and the community. The court finds the Government has proved by clear and convincing evidence that Fieseler would be a danger to the community if released. Therefore, the court finds the following:

1. Fieseler is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Fieseler reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Fieseler to the

United States Marshal for the purpose of an appearance in connection with a court proceeding.

    4.    If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

        (a)    Attach a copy of the release/detention order to the appeal;

        (b)    Promptly secure a transcript.

    5.    There is *no automatic stay* of this Order. Therefore, Fieseler must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 17th day of April, 2007.

*[signature: Paul A. Zoss]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

3